ELLIOT GIPSON PC
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@elliotgipson.com
BRIANNA N. LOGAN (State Bar No. 347947)
BLogan@elliotgipson.com
15260 Ventura Blvd., Suite 835
Los Angeles, California 91403
Telephone: 310.817.1268

Attorneys for Plaintiff
CBMG, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CBMG, LLC, doing business as BROKE, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BARBOSA STAFF DOS SANTOS, professionally known as "MC STAFF", an individual, W&S MUSIC, a Brazilian company, WMD DISTRIBUTION, a Brazilian company, TAO MUSIC TECH & BANKING S.A., a Brazilian company, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFF CBMG, LLC'S COMPLAINT FOR: 1) DECLARATORY RELIEF; 2) DMCA MISREPRESENTATION; 3) COPYRIGHT INFRINGEMENT; 4) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND 5) VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Judge:<br>Courtroom:<br><br>Action filed: August 7, 2026 |

CBMG'S COMPLAINT

ELLIOT GIPSON PC

## CBMG, LLC'S CLAIMS

Plaintiff CBMG, LLC (hereinafter "CBMG" or "Plaintiff"), by and through counsel hereby alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Defendant Patrick Barbosa Staff Dos Santos known professionally as Mc Staff (hereinafter "Mc Staff") is a musician, music producer, and sound mixer. Defendant W&S Music is music distributor. Defendant WMD Distribution is a music distributor. Defendant TAO Music Tech & Banking S.A. is a music distributor (together with all Defendants, hereinafter collectively "Defendants"). Plaintiff CBMG is a record label. CBMG's claims are about the fraudulent actions Mc Staff and W&S Music engaged in by claiming rights to music they did not own. Mc Staff and W&S Music escalated the matter by signing an agreement with TAO Music, which then took up the cause of Mc Staff and W&S Music, and relying on their fraudulent misrepresentations, claims ownership of music rightfully belonging to CBMG.

2. CBMG has exclusive rights to VOID Creative GmbH's ("VOID") music catalog, including VOID's songs written and produced by the German producers Gustav Bode and Djego Cardoso Garcia, professionally collectively known as the artist "Nakama".

3. On or around May 2025, VOID and Mc Staff entered into a work for hire or assignment agreement wherein VOID paid Mc Staff One Thousand US Dollars ($1,000) to perform the vocals for the song MENTE MÁ by Nakama. The parties specifically bargained for a full buyout of all rights. The work for hire or assignment agreement stipulated the irrevocable transfer of all master, composition, and any other rights associated with the recording from Mc Staff to VOID. This transfer encompassed all exclusive rights, which include but are not limited to the rights to use, reproduce, distribute, perform, display, sublicense, assign, transfer, sell, or otherwise exploit the recording and composition in any manner, including in all forms of media now known or hereafter developed, in perpetuity throughout the universe.

CBMG'S COMPLAINT

ELLIOT GIPSON PC

4.     CBMG created the asset for MENTE MÁ in the YouTube Content Management System ("CMS") using Label Engine on May 15, 2025.

5.     CBMG then released MENTE MÁ across multiple platforms on May 16, 2025.

6.     Subsequent to the release of MENTE MÁ, on or around June of 2025, VOID and Mc Staff entered into an additional work for hire or assignment agreement wherein VOID paid Mc Staff One Thousand US Dollars ($1,000) to perform the vocals for the song FENOMENAL by Nakama. The parties specifically bargained for a full buyout of all rights. The work for hire or assignment agreement stipulated the irrevocable transfer of all master, composition, and any other rights associated with the recording from Mc Staff to VOID. This transfer encompassed all exclusive rights, which include but are not limited to the rights to use, reproduce, distribute, perform, display, sublicense, assign, transfer, sell, or otherwise exploit the recording and composition in any manner, including in all forms of media now known or hereafter developed, in perpetuity throughout the universe.

7.     On or around June of 2025, VOID and Mc Staff entered into an additional work for hire or assignment agreement wherein VOID paid Mc Staff Six Thousand US Dollars ($6,000) for the vocal performances in ten different tracks, including the song SEM SAIDA by Nakama. The parties specifically bargained for a full buyout of all rights. The work for hire or assignment agreement stipulated the irrevocable transfer of all master, composition, and any other rights associated with the recording from Mc Staff to VOID. This transfer encompassed all exclusive rights, which include but are not limited to the rights to use, reproduce, distribute, perform, display, sublicense, assign, transfer, sell, or otherwise exploit the recording and composition in any manner, including in all forms of media now known or hereafter developed, in perpetuity throughout the universe.

8.     After these agreements were executed, on or about July 2025, W&S Music and Mc Staff began to load music onto YouTube's CMS.

CBMG'S COMPLAINT

ELLIOT GIPSON PC

9. On or around August 8, 2025, W&S Music and Mc Staff entered into an agreement which purported to grant W&S exclusive rights to certain of Mc Staff's vocal tracks (the "Fraudulent Contract"). Despite the fact that W&S Music and Mc Staff executed the Fraudulent Contract on August 8, 2025, they fraudulently represent it is effective as of August 5, 2024 – nearly one year earlier. This fraudulent representation on the face of this Fraudulent Contract is contradicted by the notary's signature which is dated August 8, 2025. The intent of this fraudulent term in the contract was to assert that W&S Music had exclusive rights to Mc Staff's recordings prior to Mc Staff's exclusive license of his recordings to VOID in May and June of 2025.

10. On or about August 27 and 28, 2025, W&S Music uploaded tracks for MENTE MÁ, FENOMNAL, and SEM SAIDA (the "Subject Works") on YouTube's CMS. When W&S Music and Mc Staff uploaded this music onto YouTube's CMS, they claimed they had exclusive rights to the music. In fact, they did not. The purpose of this claim was to trick VOID, CBMG, YouTube, and all third parties into believing that W&S Music and Mc Staff had rights to MENTE MÁ, FENOMENAL, and SEM SAIDA when they knew that they did not.

11. Pursuant to their fraudulent scheme, W&S Music and Mc Staff began to issue copyright strikes against CBMG in early September 2025 on YouTube and Spotify. These strikes caused revenues from MENTE MÁ, FENOMENAL, and SEM SAIDA to be wrongfully withheld from CBMG. Defendants continued to issue false copyright strikes well into 2026 as Defendants consistently leveraged the DMCA takedown process against Plaintiff's recordings, despite knowing their activity was fraudulent on its face.

12. W&S Music and Mc Staff then entered into an agreement with TAO Music to distribute Mc Staff's work. Thereafter, TAO Music began claiming the songs MENTE MÁ, FENOMENAL and SEM SAIDA.

13. CBMG issued DMCA copyright notices which TAO Music rejected through their counternotices.

3

CBMG'S COMPLAINT

14. Defendants have also uploaded infringing tracks to Spotify, all of which infringe on CBMG's exclusive distribution rights in MENTE MÁ, FENOMENAL, and SEM SAIDA. They can be found here:

- https://open.spotify.com/album/3nHmHMa8Xc19BVSfMC0RRW?si=K38HuYf0RH24itwfL6KVrA
- https://open.spotify.com/album/6qxplBOI27hP2VCtwcBW38?si=WHkXvB6_QEOZvezDzYuJyQ
- https://open.spotify.com/album/0iSvJNl0DaQoblzMposFOu?si=Fq7Y8qkTQ_Shnak83PAbOg
- https://open.spotify.com/album/02cVK4oMb4uqu9bzfwnj8i?si=__OwyjuqT3-iHGVxcsjk3A

15. These infringing tracks have also been released and/or distributed by WMD Distribution.

16. CBMG has been damaged by the actions of Mc Staff, W&S Music, WMD Distribution, and TAO MUSIC.

17. MENTE MÁ is registered with the United States Copyright Office, with Registration No. SR0001068819.

18. FENOMENAL is registered with the United States Copyright Office, with Registration No. SR0001064008.

19. SEM SAIDA is registered with the United States Copyright Office, with Registration No. SR0001064009.

**JURISDICTION AND VENUE**

20. This Court has original subject matter jurisdiction over CBMG's declaratory relief and copyright infringement claims regarding its ownership of the copyrights at issue pursuant to 28 U.S.C. §§ 1331 and 1338(a) and with regard to its DMCA misrepresentation claims pursuant to 17 U.S.C. § 512 (f).

21. This Court has personal jurisdiction over Defendants because Defendants have committed a substantial part of the wrongful acts alleged in the Complaint within

CBMG'S COMPLAINT

this district, including using YouTube's servers, apps, websites and/or software services located in California to make false statements utilizing the DMCA notice and takedown processes, targeting Plaintiff, a district resident, with their tortious actions, and causing Plaintiff substantial harm within the district.

22. Venue is proper in this district under 28 U.S.C. § 1391 (b)-(c) and 28 U.S.C. § 1400(a) because a substantial part of the acts, events, and omissions complained of herein occur, or have occurred, in this district.

## THE PARTIES

23. Plaintiff CBMG, LLC is a record label. CBMG is a Delaware limited liability company, with its principal place of business in Los Angeles, California.

24. Defendant Patrick Barboasa Staff Dos Santos, professionally known as "Mc Staff", is a natural person. Defendant Mc Staff is a musician and music producer residing in Brazil.

25. Defendant W&S Music is an entity of unknown type, or a person doing business under such entity name, residing in Brazil.

26. Defendant WMD Distribution is an entity of unknown type, or a person doing business under such entity name, residing in Brazil.

27. Defendant TAO Music Tech & Banking S.A. is Brazilian corporation residing in Brazil.

## FIRST CAUSE OF ACTION

### (Declaratory Relief and Judgement Against All Defendants)

28. CBMG repeats and re-alleges paragraphs number 1 through 27 as if fully set forth herein.

29. CBMG alleges that an actual case or controversy has arisen by the filing of this lawsuit and now exists concerning the ownership of the copyrights in MENTE MÁ, FENOMENAL, and SEM SAIDA.

ELLIOT GIPSON PC

5

CBMG'S COMPLAINT

30.     CBMG has provided notice to Mc Staff, W&S Music, WMD Distribution, TAO Music, and/or their representatives or agents that CBMG is the rightful owner of the copyrights for MENTE MÁ, FENOMENAL, and SEM SAIDA.

31.     Mc Staff's vocal performances on MENTE MÁ, FENOMENAL, and SEM SAIDA are works for hire, or they have been exclusively assigned to and are owned by VOID.

32.     VOID likewise assigned those performances and the underlying copyrights to MENTE MÁ, FENOMENAL, and SEM SAIDA to CBMG.

33.     As such, CBMG is the rightful owner of the subject copyrights and exclusive licensee of the subject vocal performances.

34.     CBMG seeks a declaration that the work for hire or assignment agreements Mc Staff signed with VOID are valid and not void, that CBMG is the sole owner of the copyrights to MENTE MÁ, FENOMENAL, and SEM SAIDA, that CBMG owns the exclusive rights to the vocal performances embodied in MENTE MÁ, FENOMENAL, and SEM SAIDA, and that as between the Parties, CBMG has the sole rights to administer and otherwise exploit the master recordings for MENTE MÁ, FENOMENAL and SEM SAIDA in all media worldwide.

## SECOND CAUSE OF ACTION

**(DMCA Misrepresentation 17 U.S.C. § 512 (f) against W&S Music)**

35.     CBMG repeats and re-alleges paragraphs number 1 through 34 as if fully set forth herein.

36.     CBMG is the owner of exclusive copyrights in the sound recordings MENTE MÁ, FENOMENAL, and SEM SAIDA.

37.     CBMG published these sound recordings on numerous digital streaming platforms including YouTube and Spotify.

38.     W&S Music filed DMCA takedown notices with YouTube and Spotify, which requested removal of MENTE MÁ, FENOMENAL, and SEM SAIDA. Spotify and YouTube subsequently removed these three songs.

6

CBMG'S COMPLAINT

ELLIOT GIPSON PC

39. W&S Music made materially false statements to music service provider platforms YouTube and Spotify when they knowingly issued wrongful DMCA strikes against CBMG and claimed to be the rightful owner and/or licensee of MENTE MÁ, FENOMENAL, and SEM SAIDA and claimed that CBMG was infringing on W&S Music's rights.

40. W&S Music knew these statements were false at the time they made them to the subject music service provider platforms.

41. By reason of W&S Music's false statements to service providers YouTube and Spotify, the songs were removed, disabled, and/or demonetized so that CBMG was no longer paid by the subject service provider platforms for the subject music.

42. CBMG has been damaged by W&S Music's actions and will continue to be damaged by W&S Music's actions unless and until W&S Music ceases to falsely claim music rightfully belonging to CBMG.

### THIRD CAUSE OF ACTION

**(Copyright Infringement - 17 U.S.C. § 106 against all Defendants)**

43. CBMG repeats and re-alleges paragraphs number 1 through 42 as if fully set forth herein.

44. MENTE MÁ, FENOMENAL and SEM SAIDA are registered with the United States Copyright Office.

45. At all times relevant hereto, CBMG is the owner of exclusive copyrights in the sound recordings MENTE MÁ, FENOMENAL and SEM SAIDA.

46. On or around May 15, 2025, Mc Staff entered into a work for hire or assignment agreement with VOID for the vocal performance in MENTE MÁ.

47. On or around June 5, 2025, Mc Staff entered into a work for hire or assignment agreement with VOID for the vocal performance in FENOMENAL,

48. On or around June 2025, Mc Staff entered into a work for hire or assignment agreement with VOID for the vocal performance in SEM SAIDA.

CBMG'S COMPLAINT

49.     VOID owns the exclusive rights to the vocal recording and the underlying compositions, which were created and recorded as a work for hire and/or were fully assigned by Mc Staff for the tracks MENTE MÁ, FENOMENAL, and SEM SAIDA by the artist Nakama.

50.     As the copyright holder, VOID then granted CBMG an exclusive license in the Subject Works.

51.     Defendants Mc Staff, W&S Music, WMD Distribution, and TAO Music, without authorization, license or consent of the copyright owners have and continue to reproduce, distribute, and/or publicly perform the Subject Works after such works were exclusively licensed to Plaintiff, in violation of Section 106 of the Copyright Act. Defendants are infringing on Plaintiff's exclusive copyrights in the Subject Works, which are owned by Plaintiff through the exclusive license granted to it by VOID.

52.     Defendants have authorized the reproduction, distribution, and/or public performance of the Subject Works by distributing them on digital streaming platforms, including but not limited to Spotify and YouTube.

53.     Each unauthorized reproduction, distribution, and/or public performance of the Subject Works constitutes a separate and distinct act of copyright infringement of the Subject Works.

54.     Defendants' acts of infringement were intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works and the direct infringement thereof. Defendants have full knowledge that they do not actually have any valid rights in the Subject Works, yet they continue to exploit them.

55.     Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

8

CBMG'S COMPLAINT

56.    Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

57.    Plaintiff is also entitled to preliminary and permanent injunctive relief against Defendants. 17 U.S.C. § 502.

## FOURTH CAUSE OF ACTION

### (Contributory Copyright Infringement - 17 U.S.C. § 106 against all Defendants)

58.    CBMG repeats and re-alleges paragraphs number 1 through 57 as if fully set forth herein.

59.    Through their conduct alleged herein, Defendants W&S Music, WMD Distribution, and TAO Music knowingly and materially contributed to the copyright infringement of Mc Staff in the Subject Works.

60.    Defendants W&S Music, WMD Distribution, and TAO Music had knowledge of the infringing acts of Mc Staff and materially contributed to and/or induced the infringement of the Subject Works in which Plaintiff holds exclusive rights, in violation of 17 U.S.C. § 106.

61.    Further, through their conduct alleged herein, Defendants W&S Music, WMD Distribution, and TAO Music knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Subject Works, including, without limitation, by way of reproduction, distribution, and/or public performance through the YouTube and Spotify platforms. Specifically, by distributing, displaying, and performing the Subject Works on these platforms and allowing them to reproduce, distribute, and/or publicly perform the Subject Works, Defendants induced and encouraged these and other streaming services to directly infringe Plaintiff's copyrights in the Subject Works.

62.    Further, Defendant Mc Staff, knowing he had previously granted exclusive copyrights to VOID, materially and knowingly contributed to the copyright infringement committed by Defendants W&S Music, WMD Distribution, and TAO Music.

CBMG'S COMPLAINT

ELLIOT GIPSON PC

63. Defendant Mc Staff knowingly and systematically induced Defendants W&S Music, WMD Distribution, and TAO Music to commit copyright infringement by purporting to grant them copyrights in the Subject Works, in willful violation of VOID's and Plaintiff's copyrights in the Subject Works. Defendant Mc Staff knowingly induced, caused, materially contributed to, and participated in the infringing distribution by Defendants W&S Music, WMD Distribution, and TAO Music of the Subject Works, including, without limitation, by way of reproduction, distribution, and/or public performance through the YouTube and Spotify platforms. Specifically, by distributing, displaying, and performing the Subject Works on these platforms and allowing them to reproduce, distribute, and/or publicly perform the Subject Works, Defendant Mc Staff induced and encouraged Defendants W&S Music, WMD Distribution, and TAO Music to directly infringe Plaintiff's copyrights in the Subject Works.

64. Each unauthorized reproduction, distribution, and/or public performance of the Subject Works constitutes a separate and distinct act of contributory copyright infringement of the Subject Works.

65. Defendants' acts of infringement were intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works and the contributory infringement thereof. Defendants have full knowledge that they do not actually have any valid rights in the Subject Works, yet they continue to exploit them.

66. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

67. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

68. Plaintiff is also entitled to preliminary and permanent injunctive relief against Defendants. 17 U.S.C. § 502.

CBMG'S COMPLAINT

**FIFTH CAUSE OF ACTION**

**(Vicarious Copyright Infringement - 17 U.S.C. § 106 against all Defendants)**

69.     CBMG repeats and re-alleges paragraphs number 1 through 68 as if fully set forth herein.

70.     Through their conduct alleged herein, Defendants W&S Music, WMD Distribution, and TAO Music vicariously infringed on Plaintiff's copyrights in the Subject Works through the copyright infringement of Mc Staff.

71.     Via the rights granted to them by Mc Staff, Defendants W&S Music, WMD Distribution, and TAO Music had the right and ability to supervise the infringing distribution by third parties of the Subject Works, including without limitation, by way of reproduction, distribution, and/or public performance through the various streaming and distribution websites. Specifically, Defendants W&S Music, WMD Distribution, and TAO Music enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Subject Works while having the right and ability to supervise the infringing activity yet failed to exercise those rights to prevent the infringing activity.

72.     By distributing, displaying, and performing the Subject Works on these platforms and allowing them to reproduce, distribute, and/or publicly perform the Subject Works, Defendants vicariously infringed on Plaintiff's copyrights in the Subject Works.

73.     Further, Defendant Mc Staff, knowing he had previously granted exclusive copyrights to VOID, and having the right and ability to supervise the infringement of the Subject Works, vicariously infringed on Plaintiff's exclusive rights by allowing Defendants W&S Music, WMD Distribution, and TAO Music to reproduce, distribute, and/or publicly perform the Subject Works on various streaming platforms. Defendant Mc Staff had a financial interest in such infringing activity through the revenues generated by such streaming.

74.     Each unauthorized reproduction, distribution, and/or public performance of the Subject Works constitutes a separate and distinct act of vicarious copyright infringement of the Subject Works.

11

CBMG'S COMPLAINT

ELLIOT GIPSON PC

75.    Defendants' acts of infringement were intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works and the vicarious infringement thereof. Defendants have full knowledge that they do not actually have any valid rights in the Subject Works, yet they continue to exploit them.

76.    Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

77.    Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

78.    Plaintiff is also entitled to preliminary and permanent injunctive relief against Defendants. 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For declaratory relief that:

    a.    CBMG is the owner of the copyright for MENTE MÁ;

    b.    CBMG is the owner of the copyright for FENOMENAL;

    c.    CBMG is the owner of the copyright for SEM SAIDA;

    d.    As between the parties, CBMG owns the exclusive rights to administer the composition and masters for MENTE MÁ, FENOMENAL, and SEM SAIDA;

2.    For injunctive relief ordering W&S Music to remove its false copyright claim notices on the subject music provider platforms for MENTE MÁ, FENOMENAL and SEM SAIDA;

3.    For injunctive relief ordering WMD Distribution to remove any false copyright claim notices on the subject music provider platforms for MENTE MÁ, FENOMENAL and SEM SAIDA;

12

CBMG'S COMPLAINT

4.    For injunctive relief ordering TAO Music to remove its false copyright claim notices on the subject music provider platforms for MENTE MÁ, FENOMENAL and SEM SAIDA;

5.    For damages as authorized under statute for violation of the DMCA;

6.    For general, compensatory, and consequential damages in an amount to be determined at trial;

7.    For punitive damages in an amount to be determined at trial but no less than $1 million;

8.    For any money damages awarded, for pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants;

9.    For all the costs of suit and attorneys' fees incurred by Plaintiff herein as the prevailing party, and by all other available law, contract, statute, caselaw, and/or equity; and

10.   For such other and further relief as the Court may deem just and proper.

DATED:  August 7, 2026                  ELLIOT GIPSON PC
                                        ELLIOT B. GIPSON
                                        BRIANNA LOGAN


                                        By_____/s/ Elliot B. Gipson_____
                                             ELLIOT B. GIPSON
                                        Attorneys for Plaintiff CBMG, LLC

//

13

CBMG'S COMPLAINT

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CBMG, LLC hereby demands a trial by jury of all issues in the Complaint that are subject to jury trial, if any.

DATED:  August 7, 2026

ELLIOT GIPSON PC
ELLIOT B. GIPSON
BRIANNA LOGAN


By____/s/ *Elliot B. Gipson*_____
         ELLIOT B. GIPSON
Attorneys for Plaintiff CBMG, LLC

ELLIOT  GIPSON  PC

14

CBMG'S COMPLAINT